**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4433**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ZEE ZEE ZELAZURRO,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-01076-RBH-1)

_____

Submitted: March 31, 2011        Decided: April 4, 2011

_____

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant. Arthur Bradley Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zee Zee Zelazurro pled guilty to assaulting a correctional officer. Pursuant to a stipulation in the plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the district court sentenced Zelazurro to forty months in prison. On appeal, Zelazurro's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but questions whether Zelazurro's presentence report properly concluded that he was a career offender. For the reasons that follow, we affirm in part and dismiss in part.

We are without jurisdiction to address Zelazurro's claimed sentencing error. Under 18 U.S.C. § 3742(a)(1) and (a)(2) (2006), a defendant may appeal when the sentence "was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." Subsections (a)(3) and (a)(4) permit an appeal of a sentence that is greater than the Guidelines range or a sentence "imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a)(3), (a)(4) (2006). However, if, as here, a defendant has pled guilty pursuant to a plea agreement that includes a specific sentence, he may only pursue an appeal under subsections (a)(3) and (a)(4) when "the sentence imposed is greater than the sentence set forth in such

2

agreement." 18 U.S.C. § 3742(c)(1) (2006). The district court imposed a sentence of forty months, the exact term of imprisonment specified in the plea agreement. Because the sentence imposed was not greater than the stipulated sentence, Zelazurro may appeal only pursuant to subsections (a)(1) and (a)(2). We conclude that the issues he seeks to raise do not fall within the parameters of § 3742(a)(1) or (a)(2).

First, Zelazurro's sentence was not imposed in violation of the law. Zelazurro faced a statutory maximum term of eight years; there was no governing statutory minimum. The forty month sentence imposed on Zelazurro is well below the statutory maximum and therefore not in violation of the law. Moreover, although Zelazurro challenges the application of the Sentencing Guidelines as incorrect, where a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement, the sentence is contractual and not based upon the Guidelines. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Accordingly, application of § 3742 requires dismissal of Zelazurro's appeal of his sentence for lack of jurisdiction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Zelazurro's conviction and dismiss the part of the appeal relating to his sentence. This court requires that counsel inform Zelazurro, in writing, of the right

3

to petition the Supreme Court of the United States for further review.  If Zelazurro requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Zelazurro.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>